*155
ORDER

DARRELL DOWTY, Chief Justice.
Standard of Review
The Court reviewed “de novo” the Cherokee Nation Appeals Board Order Denying Termination Decision dated August 5, 2013, and filed September 19, 2013.
Record from the Employee Appeals Board
On June 27, 2013, Appellant, Joseph Leach timely filed his appeal of termination. The appeal before the Employee Appeals Board was. heard on August 5, 2013. After receiving evidence and taking testimony, the Employee Appeals Board issued an order denying the Cherokee Nation’s termination decision, with said Order Denying Termination Decision being filed on September 19, 2013.
Record on Appeal
Cherokee Nation timely filed their appeal in this Court on October 1, 2013, invoking this Court’s jurisdiction pursuant to 51 CNCA section 1025 to review the Employee Appeals Board’s decision, overturning the Cherokee Nation’s decision dismissing Appellant from his position as Employment and Training Program Specialist. Appellant filed his response on October 10, 2013. The Cherokee Nation filed its Brief in Chief on November 15, 2013. Appellant filed his Reply Brief on November 22, 2013. The Cherokee Nation then filed a Reply Brief on December 2, 2013. The Court acknowledges receipt of the Employee Appeals Board record.
Opinion
The sole dispositive issue before this Court is whether Leach’s position as an Employment Training Program Specialist required Leach to have a valid driver’s license and meet requirements of the Cherokee Nation’s insurance underwriter for insurability to drive a vehicle on Cherokee Nation business.
This Court, after reviewing the record of the proceedings before the Employee Appeals Board makes the following fact findings:
The Appellant, Joseph Leach, was a regular, full-time employee who had served in his position for over a year at the time of his termination. The job description signed by Appellant on April 29, 2010, provided that “[a] driver’s license may be required to work in some departments. If so, the applicant/employee must possess a valid driver’s license with a driving history verified through a motor vehicle report that meet requirements for Cherokee Nation underwriting rating.” Career Services was notified in April 2013 of the need to update Motor Vehicle Reports for Mr. Leach, Mr. Leach was on FMLA at that time and did not return to work until May 2013. Upon his return the request was made to Mr. Leach to submit a copy of his current driver’s license. At that time Mr. Leach informed Career Services that his license was suspended. On July 3, 2013, Mr. Leach’s driver’s license was reinstated but due to his driving record he did not meet the Cherokee Nation’s Insurance Underwriting requirements and would remain an excluded driver. On or about July 5, 2013, Appellant’s employment was terminated with the Cherokee Nation’s Employment and Training Program pursuant to Human Resources Policies and Procedures Chapter III E(l)(s); failure to meet job standards or requirements.
At the hearing, the Director of Employment Programs, Jeff Vance, testified that the ability to travel off-site is critical to performing the functions of Appellee’s position. However, Appellee testified that from October 2010 until March 2013, he did not drive Ms or the Cherokee Nation’s vehicle to perform his job duties, was not required to tender a valid driver’s license, *156 or to comply with the Cherokee Nation’s insurance carrier’s requirements for insur-ability. It was further testified by Jeff Vance that Mr. Leach was and continued to be a valuable employee and there was no allegation that Mr. Leach failed to satisfactorily perform his job. There was no evidence presented by Cherokee Nation to refute Leach’s claim that he did not drive his or the Cherokee Nation’s vehicle from October 2010 until March 2013.
From the evidence presented, the requirements on Mr. Leach to drive did not arise until after Career Services learned there was an issue with the status of his driver’s license and insurability. It is un-refuted that he performed his job for almost 3 years without the necessity of driving Ms vehicle or a tribal vehicle and during tMs time was considered to be a valuable employee and received a performance bonus. This evidence does not support the Cherokee Nation’s position that Mr. Leach failed to meet job standards or requirements.
Therefore this Court Affirms the action of the Employee Appeals Board in overturning the Cherokee Nation’s decision dismissing Mr. Leach from employment.
IT IS THEREFORE the Order of this Court that the Order Denying Termination Decision of the Appellant’s appeal lodged in the Cherokee Nation Employee Appeals Board is AFFIRMED.
/s/ James G. Wilcoxen James G. Wilcoxen, Justice
/s/ Troy Wayne Poteete Troy Wayne Poteete, Justice
/s/John C. Garrett John C. Garrett, Justice
M Angela Jones Angela Jones, Justice -